# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

LADERAL A.C. HATHMAN,

        Petitioner,    :    Case No. 2:24-cv-3209

    - vs -    District Judge Sarah D. Morrison
            Magistrate Judge Michael R. Merz

THE HONORABLE MICHAEL
 HOLBROOK, JUDGE, FRANKLIN
 COUNTY COURT OF COMMON
 PLEAS,

            :
        Respondent.

## REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Plaintiff Laderal A. C. Hathman pursuant to 28 U.S.C. § 2241, is before the Court on Respondent's Motion for leave to File a Motion to Dismiss (ECF No. 10) and Motion for Extension of Time to Answer (ECF No. 11).

    Respondent has produced proof that Petitioner is no longer detained pre-trial under order of Judge Holbrook and seeks leave to file a motion to dismiss on mootness grounds. The Magistrate Judge had prohibited such a motion in the Order for Answer because such motions have been filed by other habeas corpus respondents as a way of not being obliged to provide a full state court record. In this case, however, no further record -- or even a motion to dismiss -- is needed because the exhibits filed with the Motion for Leave adequately establish mootness.

As Respondent reports and proves, Petitioner pleaded guilty to some of the charges pending against him and was committed to the custody of the Ohio Department of Rehabilitation and Corrections. Any habeas corpus relief he wishes to obtain now must be sought under 28 U.S.C. § 2254 and from his current custodian, the warden of his place of imprisonment. Any claim that his conviction is unconstitutional must first be exhausted in the Ohio courts before he files under § 2254.

A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

A federal court may take judicial notice of the records of another court. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The Court takes judicial notice of the court records attached to Respondent's Motion for Leave. Based on those records, the Court finds that the Petition herein is moot and respectfully recommends it be dismissed on that basis.

Respondent's obligation to file an answer is vacated. Thus the Motion for Extension of Time to do so is also rendered moot.

Based on the records of the ODRC, the Clerk shall change Petitioner's address to the Ohio Correctional Reception Center and serve this Report on Petitioner at that address.

IT IS SO ORDERED.

September 6, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                       s/ *Michael R. Merz*
                                       United States Magistrate Judge